# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

LORENZO ANTHONY,

      Plaintiff,                      CASE NO. 07-CV-10351

*v.*                                    DISTRICT JUDGE MARIANNE O. BATTANI
                                    MAGISTRATE JUDGE CHARLES E. BINDER

C. WALKER, OWEN, WERNER,
and D. RICUMSTRICT,

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### PURSUANT TO 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the First Amended

Complaint be *sua sponte* **DISMISSED** in its entirety for failure to state a claim upon which relief

can be granted.[1]

## II.    REPORT

### A.    Background

On January 23, 2007, Plaintiff, a state prisoner currently housed at the Marquette Branch

Prison in Marquette, Michigan, filed this *pro se* federal civil rights complaint alleging that this case

---

[1]Although Defendant Ricumstrict filed a motion for summary judgment (Dkt. 27), this Report does not address that motion since it pertained to the original complaint, not the First Amended Complaint currently subject to screening.  (Dkt. 29.)  If this Report is adopted, that motion will therefore be moot.

is "being brought pursuant to 42 U.S.C. § 1983 to stop the unconstitutional practice of Defendants from denying Plaintiff Lorenzo Anthony access to the courts [and] retaliating against him for seeking redress and conspiring against him to stop such [acts] and acts of sexually harassing him, ethnic intimidation and slander." (First Am. Compl., Dkt. 29 ¶ 1.) The events forming the basis for the complaint occurred while housed at the Standish Maximum Correctional Facility in Standish, Michigan.

On March 4, 2008, this case was referred to the undersigned Magistrate Judge for pretrial case management. (Dkt. 26.) After having considered the documents filed in the instant case, I find that this case is ready for Report and Recommendation pursuant to the screening provisions found in 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c)(1).

## B. Complaint

Count I of Plaintiff's First Amended Complaint requests a declaratory judgment. (Dkt. 29. at 12.) Plaintiff then avers several claims against Defendants Walker, Owen, Werner, and Ricumstrict which appear in three separate counts. Count II asserts claims of: (1) First Amendment denial of access to courts; (2) First Amendment retaliation; (3) conspiracy; (4) ethnic intimidation; (5) sexual harassment; and (6) supervisory liability. (*Id.* at 13.) In Count III, Plaintiff asserts a Fourteenth Amendment (due process) violation against Defendants Walker, Owen, Werner, and Ricumstrict. (*Id.* at 14.) In Count IV, Plaintiff alleges "mental anguish and emotional distress, state torts, against Defendant Walker." (*Id.* at 15.) Plaintiff seeks a declaratory judgment, compensatory damages, punitive damages, costs, and attorney fees. (*Id.* at 11, 16.) The underlying facts as stated in the First Amended Complaint will be addressed in the various sections below.

**C.    Governing Standards**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e), when a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).  Since Plaintiff has applied for and received IFP status and is suing governmental employees, both of these provisions apply.

Similarly, under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq*., the court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1997e(c)(1).  Since Plaintiff is a prisoner challenging the conditions of his confinement, this provision also applies.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, it is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct legal arguments for the plaintiff. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Put another way, the court may not "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

**D.      Discussion**

**1.      Access to the Courts**

Plaintiff contends that although he informed Defendant Walker that his legal mail needed to be sent out, Defendant Walker refused because Plaintiff had assaulted ARUS Ranger.  (*Id.* ¶¶ 14-15.)  Plaintiff asserts that Defendant Walker picked up other mail around him but "told Plaintiff she wouldn't assist him with nothing." (*Id.* ¶ 17.)   Although Plaintiff specifically informed Defendant Walker that the legal mail was comprised of objections to a Report and Recommendation issued in a lawsuit he had filed in the Western District and that he had to file the document within a specific deadline, Defendant Walker allegedly continued to refuse to pick up Plaintiff's legal mail.  (*Id.* ¶ 20.)  Plaintiff successfully mailed his objections to the R&R on August 22, 2006, but missed the deadline for filing objections by fourteen days.  (*Id.* ¶¶ 21-22.)

In the Western District case, the magistrate judge had recommended that the defendant's motion for summary judgment be granted and plaintiff's case be dismissed.  *Anthony v. Bauman*, No. 2:05-CV-64, 2006 WL 2548617, *1 (W.D. Mich. Sept. 1, 2006).  The district judge "approved and adopted" the R&R "for the reason(s) stated in the Report" and denied certification of an appeal because, "upon review of Plaintiff's claims, this Court can discern no good-faith basis for an appeal." (*Id.*)

Plaintiff claims that his First Amendment right of access to the courts was violated by Defendant Walker's refusal to mail his legal document in a timely fashion.  "There is no generalized 'right to litigate' which is protected by the First Amendment." *Thomas v. Rochell*, 47 Fed. App'x 315, 317 (6th Cir. 2002).  The right of access only applies to cases which attack the inmate's conviction and sentence or cases which challenge the conditions of confinement, such as the instant case. *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

In *Lewis v. Casey*, the Supreme Court held that inmates claiming a denial of the right of access to the courts must show "actual injury" in order to have standing to bring suit. *Id.* at 349. Actual injury or prejudice can only be suffered where an inmate has a meritorious claim to bring. Therefore, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (citing *Lewis v. Casey, supra*.) If a Plaintiff lacks standing, "he is barred from bringing suit and the federal court is without jurisdiction to hear the claim." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

In the instant case, Plaintiff's objections were untimely and thus, not reviewed by the District Judge. However, the District Judge reviewed *de novo* and approved of the conclusions in the R&R that were based on the substantive arguments of all the parties. I further note that the R&R provided a thorough analysis of the Eighth Amendment claim raised by Plaintiff, finding that the safety of prison staff and inmates was a legitimate penological purpose supporting confinement in a "No Out-of-Cell Movement" (NOCM) cell,[2] considering the dimensions of the cell in which Plaintiff was confined, the lack of medical injury, and the number and substance of assaultive misconducts for which Plaintiff was being disciplined. *See Anthony v. Bauman*, No. 2:05-CV-64, 2006 WL 2548617, *5 (W.D. Mich. Sept. 1, 2006). In addition, the R&R rejected Plaintiff's claim that as a result of his confinement in an NOCM cell, he was denied specific types of cleaning supplies and that denial of access to the typing room denied him access to the courts. *Id.* at *5-6. The R&R concluded that:

> Plaintiff has failed to show any injury or prejudice. He offers no evidence that any handwritten documents were rejected by a court or prejudiced a judicial ruling.

---

[2]While in an NOCM cell, inmates are deprived of the privileges of a shaving razor, haircuts, nail clippers, yard access, and access to the prisoner typing room.

Plaintiff was provided with a pen and paper to draft legal documents, and that is sufficient to provide constitutional access to the courts.

*Id.* *6. In addition, the R&R found that Plaintiff's due process rights were not violated by the transfer to a NOCM cell and that the defendants were entitled to qualified immunity. *Id.* at *7-8.

I thus suggest that in this circumstance, Plaintiff's objections would not have overcome the analysis laid out in the R&R and adopted by the District Judge. Plaintiff has not alleged that his objections presented any fundamentally new arguments that would have potentially altered the District Judge's analysis. Therefore, I suggest that Plaintiff has not made a sufficient allegation of prejudice arising from his alleged inability to file timely objections to the R&R. *See Sampson v. Stalder*, No. 06-1312, 2006 WL 3861951, *3 (W.D. La. Dec. 8, 2006) ("even assuming that the defendants failed to provide him with adequate access to the library and court, Plaintiff cannot show that, had he obtained the specific cases he was looking for, the District Judge would have found any differently . . . and Plaintiff did not appeal that judgment"); *Ray v. Robertson*, No. 06-1618, 2006 WL 2077969, *4 (W.D. La. May 18, 2006) ("even had plaintiff been in possession of his file, and even had he articulated a more complete objection to the Report and Recommendation, Judge Hicks would have ordered dismissal based upon his *de novo* review. Since plaintiff cannot show prejudice, his access to courts allegation must be dismissed for failing to state a claim").

More importantly, the district judge did not certify an appeal because he found that "upon review of Plaintiff's claims, this Court can discern no good-faith basis for an appeal." *Anthony, supra*, at *1. Finding no good-faith basis for an appeal is synonymous with finding that there is no meritorious claim to be presented on appeal. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Since an appeal would have been frivolous, I suggest that Plaintiff cannot show that he was prejudiced by his inability to file timely objections to the underlying R&R. *See Thomas v. Rochell*, 47 Fed. App'x 315, 317-18 (6th Cir. 2002)

(holding that lawsuit which was dismissed by the district court pursuant to 28 U.S.C. § 1915(e)(2) could not satisfy the standards set forth in *Lewis* and *Thaddeus-X* because it could not be considered non-frivolous and thus dismissing access to the courts issue based on that lawsuit).

### 2.     Retaliation, Ethnic Intimidation, Sexual Harassment & Due Process

Although Plaintiff lists ethnic intimidation and sexual harassment separately from retaliation, Plaintiff did not address them separately in his allegations. (Dkt. 29 at 7-11, 13-15). Plaintiff also contends that the retaliatory actions taken violated his due process rights. (*Id.* ¶ 53.) Specifically, Plaintiff contends that Defendant Owen came to his cell and "told Plaintiff that he [Owen] was going to write him a ticket since Plaintiff wanted to file grievances on Defendant Walker, stating that he would show that Plaintiff was a 'f***- boy.'" (*Id.* ¶ 27.) Plaintiff further avers that Defendant Owen told Plaintiff that "if Plaintiff would sign off on those grievances, Defendant Owen would 'pull' the sexual ticket he wrote on Plaintiff." (*Id.* ¶ 29.) "Plaintiff told Defendant Owen he would sign off on the grievances only because he did not want Defendant Owen writing any fabricated tickets on him." (*Id.* ¶¶ 30, 36.) Plaintiff indicates that the misconduct ticket was shown to him, detailing an incident where Plaintiff had rolled up a magazine and inserted it into his rectum, while asking Defendant Owen whether he would "like a piece of this black ass." (*Id.* ¶ 33.) The incident was witnessed by inmates D. Holmes and C. Davis. (*Id.*) Interestingly, Plaintiff does not aver that this misconduct ticket was false, only that Defendants wrongfully threatened him, causing him to sign off on grievances to avoid having this misconduct ticket filed.

A First Amendment retaliation claim consists of the following elements: (1) the plaintiff was engaged in a constitutionally protected conduct; (2) the defendant's adverse action would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal

connection between elements one and two, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). Conclusory allegations of retaliatory motive unsupported by any specific factual foundation are insufficient to state a claim under § 1983. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Pack v. Martin*, 174 Fed. App'x 256, 259, 2006 WL 772903, *2 (6th Cir. Mar. 27, 2006); *McMillan v. Fleming*, 136 Fed. App'x 818, 820-21, 2005 WL 1389523, *2 (6th Cir. June 7, 2005).

Here, the Plaintiff's filing of non-frivolous grievances would be protected conduct under the First Amendment. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) ("An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf."). However, I suggest that absent an allegation that the misconduct ticket was false, the sexual misconduct is not protected conduct. *Thomason v. Coble*, 100 Fed. App'x 522, 523 (6th Cir. 2004) ("If a prisoner violates a legitimate prison regulation, he is not engaged in constitutionally protected conduct, and cannot state a claim for retaliation.").

In addition, although the actual filing of a false major misconduct ticket could be an adverse action, *see Scott v. Churchill*, 377 F.3d 565, 570-71 (6th Cir. 2004), no misconduct ticket was actually filed. Thus, I suggest there has been no adverse action.

I further suggest that Defendant's alleged threats and harassment do not rise to the level of adverse or otherwise unconstitutional conduct. Harassment, verbal abuse and minor threats do not violate the Constitution. *Johnson v. Unknown Dallatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under

42 U.S.C. § 1983"); *Tailor v. City of Falmouth*, 187 Fed. App'x 596, 600 (6th Cir. 2006) ("'Verbal abuse is not normally a constitutional violation.'" (quoting *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (holding that teacher's foul language and references to students as "bimbos," "fatsos," and the "welfare bunch" was not sufficient adverse action under a retaliation claim))). Therefore, there is no constitutional violation when a corrections officer uses verbal, assaultive threats toward an inmate. *Miller v. Wertanen*, 109 Fed. App'x 64, 65 (6th Cir. 2004) (Eighth Amendment case).

Even verbal threats and abuse made in retaliation for filing a grievance are by themselves insufficient to state a constitutional claim under the First Amendment. *Carney v. Craven*, 40 Fed. App'x 48, 50 (6th Cir. 2002). Although threatening and berating verbal abuse may be highly offensive, "ungentlemanly conduct does not a constitutional violation make." *Burris v. Mahaney*, 716 F. Supp. 1051, 1056 (M.D. Tenn. 1989); *Emmons v. McLaughlin*, 874 F.3d 351, 353 (6th Cir. 1989) (to state a claim under § 1983, there must be an actual infringement of a constitutional right, not merely a threat to do so). Accordingly, I suggest Plaintiff has failed to state a claim for retaliation or any other constitutional violation based on the alleged threats and that these claims should be dismissed.

In addition, even if Plaintiff had been falsely charged with misconduct, I further suggest that he has failed to plead that the state remedies for redressing any alleged due process wrong are inadequate. *See Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). "A prison inmate is not automatically denied due process by being falsely accused of a violation of prison rules, as long as the inmate is afforded the opportunity to rebut the charge at a hearing." *Washington v. Randall-Owens*, No. 06-12588, 2007 WL 2713749, *6 (E.D. Mich. Sept. 17, 2007) (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) and *Freeman v. Rideout*, 808

F.2d 949 (2nd Cir. 1986)).[3] Finally, even if Plaintiff had pleaded the inadequacy of the actual proceedings, Michigan law provides effective remedies for review of prisoners' misconduct convictions, both major and minor. *See Washington,* at *6 (citing MICH. COMP. LAWS § 791.254-255). Therefore, I suggest that Plaintiff has not stated a due process violation and that this claim should also be dismissed.

To the extent that Plaintiff seeks damages for "emotional injuries" (Dkt. 29 ¶ 50 ), I suggest that Plaintiff has failed to plead a claim that meets the Prison Litigation Reform Act's requirement that any action for emotional injury suffered while in custody is barred unless the prisoner can show physical injury. 42 U.S.C. § 1997(e) ("No federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.") "[A] claim of psychological injury does not reflect the deprivation of 'the minimal civilized measures of life's necessities,' that is the touchstone of a conditions-of-confinement case." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1999) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). The physical injury need not be significant, but it must be more than *de minimus* for an Eighth Amendment claim to proceed. *Adams v. Rockafellow*, 66 Fed. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

I note that although Plaintiff has used the word "ethnic" to modify intimidation, there is no allegation of any ethnic or racial animus, nor is there any mention of ethnicity in the factual averments.

---

[3]Where the charges against an inmate are adjudicated in a hearing, false accusations of misconduct do not constitute a deprivation of constitutional rights. *Jackson*, 158 Fed. App'x at 662. "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 Fed. App'x 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).

Accordingly, I suggest that Plaintiff has failed to allege a claim for retaliation, intimidation, harassment, or due process of any kind upon which relief can be granted. I therefore, suggest these claims be dismissed.

### 3. Conspiracy

Plaintiff alleges the existence of an unlawful conspiracy, referencing only § 1983.[4] A conspiracy claim under § 1983 more broadly covers conspiracies to deprive persons of constitutional rights including, but not limited to, equal protection. "It is necessary for a § 1983 claim that a constitutional deprivation be alleged and proved." *Taylor v. City of Detroit*, 368 F. Supp. 2d 676, 693 (E.D. Mich. 2005) (citing *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000)). Since I suggest that the complaint fails to state a claim for violation of the First, Eighth, or Fourteenth Amendment, I further suggest that conspiracy to deprive Plaintiff of any constitutional right has not been stated and that this claim should be dismissed.

### 4. Supervisory Liability

I further suggest that no cause of action for "supervisory liability" exists. Liability under section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under section 1983 absent a showing

---

[4]The elements of a conspiracy to violate constitutional rights under 42 U.S.C. § 1985(3) are: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws; and (3) an act in furtherance of that conspiracy (4) which causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996). A plaintiff must also show some racial or other class-based invidiously discriminatory animus behind the conspirators' actions. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1988). Since Plaintiff has failed to allege any discriminatory or racial animus, any claim under § 1985 would also fail.

that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Even if there had been some constitutional violation, I suggest that Plaintiff has not alleged that Defendant Deputy Warden Ricumstrict had any knowledge of the facts underlying Plaintiff's claims or that Defendant Ricumstrict implicitly encouraged, authorized, approved or acquiesced in any way. Merely listing a name in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under section 1983. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Gilmore v. Corrections Corp. of America*, 92 Fed. App'x 188, 190 (6th Cir. 2004). Therefore, I suggest that Defendant Ricumstrict would be entitled to dismissal on this ground as well.

### 5. State Law Torts

I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain Plaintiff's remaining pendent state law claims. *Id*. at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc*., 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

**6.      Conclusion**

For all the reasons stated above, I suggest the First Amended Complaint and the entire case be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1).

## III.   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 s/ *Charles E. Binder*

CHARLES E. BINDER
Dated: March 25, 2008                    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Julia R. Bell, served on Lorenzo Anthony by first class mail, and served on District Judge Battani in the traditional manner.

Date:  March 25, 2008            By____ s/Patricia T. Morris_____
                                                Law Clerk to Magistrate Judge Binder