# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,

v.

C. WALKER, OWEN, WETNER, and     CASE NO. 07-10351
D. RICUMSTRICT,     HON. MARIANNE O. BATTANI

        Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

Before the Court are Plaintiff's Objections to Magistrate Judge Charles E. Binder's Report and Recommendation (Doc. #35). The Magistrate Judge screened Plaintiff's complaint under 28 U.S.C. § 1915(e) and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, to determine whether Plaintiff had properly stated a claim. The Magistrate Judge determined that Plaintiff's First Amendment claim of denial of access to the courts should fail because Plaintiff has not alleged prejudice; that Plaintiff's claims of retaliation, intimidation, harassment, and denial of due process should fail for lack of an adverse action; that Plaintiff's conspiracy and supervisory liability claims fail for lack of a constitutional violation; and that Plaintiff's state law claims should be dismissed for lack of jurisdiction.

Plaintiff objects to the Magistrate Judge's Report and Recommendation, but most of this objection is given over to restating the facts alleged in Plaintiff's complaint *and* the facts alleged in the case he was allegedly denied access to litigate, before descending into general

incoherence.

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The case at hand arises out of Plaintiff's incarceration at the Standish Maximum Correctional Facility in Standish, Michigan. He alleges deprivation of access to the courts when prison officials allegedly would refuse to deliver his mail relating to his multiple lawsuits, and violated his First and Fourteenth Amendment rights by subjecting him to verbal harassment and threats of disciplinary action.

The Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim under the First Amendment for right of access to the courts. The Western District of Michigan, in the case in which Plaintiff allegedly was refused access to his mail, dismissed Plaintiff's case after a motion for summary judgment to which Plaintiff did not timely object. Anthony v. Bauman, 2006 WL 2548617, *1 (W.D. Mich. 2006). However, the District Judge considered the case de novo, approved of the recommendation to dismiss based on the arguments of both parties, and found no good-faith basis for appeal. Id. Even if Plaintiff had filed his objection, the finding that an appeal would be frivolous indicates that there was no chance of success, and therefore no

prejudice to Plaintiff. Thomas v. Rochell, 47 Fed. Appx. 315, 317-18 (6th Cir. 2002). Plaintiff's access to the courts claim must fail, and is hereby dismissed.

The Magistrate Judge was also correct to dismiss Plaintiff's allegations of retaliation, intimidation, harassment, and denial of due process. Plaintiff has not alleged an adverse violation, as the alleged acts of retaliation and harassment fail to meet the standard for a constitutional violation. While the filing of a false misconduct ticket could be considered an adverse action, see Scott v. Churchill, 377 F.3d 565, 570-71 (6th Cir. 2004), Plaintiff does not allege that it was filed, nor does Plaintiff allege that it was false. Plaintiff further alleges verbal abuse and threats in retaliation for his filing of grievances. However, the law is clear that mere verbal harassment does not violate the Constitution. See Tailor v. City of Falmouth, 187 Fed. Appx. 596, 600 (6th Cir. 2006). Finally, Plaintiff fails to allege any kind of denial of a hearing with regard to any misconduct tickets. Without being denied a hearing, the simple false accusation alone does not constitute a due process violation. Washington v. Randall-Owens, 2007 WL 21713749, *6 (E.D. Mich. 2007). The Magistrate Judge was correct to find no constitutional violations from these alleged facts, and these claims will be dismissed.

Because Plaintiff cannot prove a constitutional violation, Plaintiff's allegation of a conspiracy to deprive Plaintiff of his constitutional rights under § 1983 must fail. See Taylor v. City of Detroit, 368 F.Supp.2d 676, 693 (E.D. Mich. 2005). This claim is therefore dismissed.

As to Plaintiff's supervisory liability claim, without active participation or authorization there can be no *respondeat superior* liability or § 1983 claim establishing liability in Defendant Ricumstrict's personal capacity. See Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995). A claim against him in his official capacity would require evidence that the "execution of a government's policy or custom ...

inflict[ed] the injury," <u>Monell v. City of New York Dep't of Social Services</u>, 436 U.S. 658, 694 (1978); as there is no evidence of a policy or custom, this claim must be dismissed as well.

Finally, the state law claims are dismissed, as the Court has dismissed all of Plaintiff's federal law claims. <u>Hankins v. The Gap, Inc.</u>, 84 F.3d 797, 802-03 (6th Cir. 1996) (holding that when all federal claims have been dismissed, the Court should decline to exercise supplemental jurisdiction over the state law claims). <u>See</u>, <u>e.g.</u>, <u>Weeks v. Portage County Executive Offices</u>, 235 F.3d 275 (6th Cir. 2000); <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial ... the state claims should be dismissed as well").

The Court therefore **ADOPTS** the Report & Recommendation in its entirety, and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: <u>June 18, 2008</u>

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

        s/Bernadette M. Thebolt

        DEPUTY CLERK