# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LORENZO ANTHONY,

    *Plaintiff*,

CASE NO. 07-CV-10351

*v.*

DISTRICT JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE CHARLES BINDER

OWEN,

    *Defendant*.[1]

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT
(Doc. 66, 76)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that both motions be **DENIED**.

## II.    REPORT

### A.    Introduction & Procedural History

On January 23, 2007, Plaintiff, a state prisoner currently housed at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* federal civil rights complaint alleging that this case is "being brought pursuant to 42 U.S.C. § 1983 to stop the unconstitutional practice of Defendants from denying Plaintiff Lorenzo Anthony access to the courts [and] retaliating against him for seeking redress and conspiring against him to stop such [acts] and acts of sexually harassing him, ethnic intimidation and slander." (First Am. Compl., Doc. 29 ¶ 1.) The events forming the basis for the complaint occurred while Plaintiff was housed at the Standish Maximum Correctional Facility in Standish, Michigan. On March 4, 2008, U.S. District Judge Marianne O.

---

[1]Defendants C. Walker, Werner, and D. Ricumstrict were dismissed from the case on June 18, 2008.

Battani entered an order referring pretrial matters to the undersigned magistrate judge. (Doc. 26.)

The first Report and Recommendation ("R&R") in this case was filed on March 25, 2008, recommending *sua sponte* dismissal of the complaint. The R&R was adopted on June 18, 2008, and judgment was entered in favor of Defendants. (Docs., 41, 42.) Plaintiff appealed and on August 10, 2010, the Sixth Circuit affirmed the district court on all claims except that it reinstated Plaintiff's retaliation claim. (Docs. 51, 52.) Pretrial matters were again assigned to the undersigned magistrate judge. (Doc. 53.) On April 21, 2011, Defendant Owen filed the instant  motion for summary judgment on Plaintiff's remaining retaliation claim. (Doc. 66.) After having been granted an extension of time in which to respond, Plaintiff responded on June 6, 2011. (Doc. 76.) Plaintiff also labeled this response as a cross-motion for summary judgment. (Doc. 76.) Defendant has not responded to Plaintiff's cross-motion.

### B.    Summary Judgment Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving

party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos*., 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

C.    **Analysis & Conclusions**

1.    **Defendant Owen's Motion for Summary Judgment**

A First Amendment retaliation claim consists of the following elements: (1) the plaintiff was engaged in constitutionally-protected conduct; (2) the defendant's adverse action would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between elements one and two, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004).

Plaintiff contends that Defendant Owen came to his cell and "told Plaintiff that he [Owen] was going to write him a ticket since Plaintiff wanted to file grievances on Defendant Walker, stating that he would show that Plaintiff was a 'f***- boy.'" (Doc. 29 ¶ 27.) Plaintiff further avers that Defendant Owen told Plaintiff that "if Plaintiff would sign off on those grievances, Defendant Owen would 'pull' the sexual ticket he wrote on Plaintiff." (*Id.* ¶ 29.) "Plaintiff told Defendant Owen he would sign off on the grievances only because he did not want Defendant Owen writing any fabricated tickets on him." (*Id.* ¶¶ 30, 36.) Plaintiff indicates that the misconduct ticket was shown to him, and that it alleged an incident where Plaintiff had rolled up a magazine and inserted it into his rectum while asking Defendant Owen whether he would "like a piece of this black ass." (*Id.* ¶ 33.)

In the instant case, the Sixth Circuit held that Plaintiff sufficiently alleged that he was engaged in protected conduct by filing grievances and that he was subjected to adverse action in the form of the alleged fabricated misconduct report. (Doc. 50.) Therefore, the instant motion tests the factual support for the allegations regarding the first two elements of a retaliation claim.[2] Defendant Owen contends that Plaintiff does not have sufficient support for his claim because

---

[2]Based upon the specific allegations in this case, if the first two elements are supported, satisfaction of the third element has not been challenged.

4

Defendant Owen's affidavit avers that he did not write such a ticket, that he did not agree to pull such a ticket, and that indeed he could not have pulled a ticket because he lacked the power to do so. (Doc. 66 at 11, Ex. A.) Defendant further argues that Plaintiff has failed to come forward with any evidence supporting his claim that the alleged fabricated misconduct ticket was ever written, despite the many opportunities to do so. (Doc. 66 at 11-12.)

Plaintiff responded to Defendant's argument and attached a copy of the alleged fabricated misconduct report. (Doc. 76 at Ex. 1.) The misconduct report is dated August 15, 2006, the reporting staff member is "Owen," and the report alleges that Defendant Owen observed Plaintiff insert a rolled-up magazine into his rectum while asking Owen whether he would "like a piece of this black ass." (*Id.*) I suggest that this document is "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts," *Moore, supra,* and thus creates a genuine issue of material fact preventing summary judgment. *See Street*, 886 F.2d at 1479-80.

Defendant's motion for summary judgment also argues, in the alternative, that he is entitled to qualified immunity. (Doc. 66 at 13-15.) However, I suggest that Defendant Owen is not entitled to the defense of qualified immunity under the instant facts because the conduct alleged by Plaintiff is objectively unreasonable in light of clearly established constitutional rights. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)).

### 2.      Plaintiff's Cross-Motion for Summary Judgment

For the same reasons stated with respect to Defendant's motion, I suggest that Plaintiff's cross-motion for summary judgment be denied because a genuine issue of material fact exists that cannot be decided by the Court on a motion for summary judgment.

**D.     Conclusion**

For all the reasons stated above, I recommend that Defendant's motion and Plaintiff's cross-motion be denied and the case be readied for trial.

**III.   <u>REVIEW</u>**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

s/ **Charles E Binder**

CHARLES E. BINDER
United States Magistrate Judge

Dated: June 28, 2011

**<u>CERTIFICATION</u>**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Lorenzo Anthony #247064, Gus Harrison Correctional Facility, 2727 E. Beecher Road, Adrian, MI 49221-3506.

Date: June 28, 2011                        By     s/Patricia T. Morris
                                           Law Clerk to Magistrate Judge Binder