UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,

v.

        CASE NO. 07-10351

        HON. MARIANNE O. BATTANI

JEREMY OWEN,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND DENYING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff Lorenzo Anthony's objections (Doc. 81) to the Magistrate Judge's June 28, 2011 Report and Recommendation ("R&R") (Doc. 78). In the R&R, the Magistrate Judge recommended that the Court deny the parties' cross-motions for summary judgment (Docs. 66; 76). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DENIES** the parties' cross-motions for summary judgment.

**I.   STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. See (Doc. 78 at 4-5).

**II.   STANDARD OF REVIEW**

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### III.   ANALYSIS

Plaintiff argues in his objections that the Magistrate Judge erred in denying his cross-motion for summary judgment because (1) Defendant did not oppose the motion, (2) the evidence warrants summary judgment in Plaintiff's favor, and (3) the Magistrate Judge cannot deny Plaintiff's motion for the same reasons used to deny Defendant's motion. (Doc. 81 at 2-3). The Court disagrees.

The law in the Sixth Circuit is clear: "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." Stough v. Mayville Cmty. Schs., 138 F.3d 612, 614 (6th Cir.1998). Rule 56 requires a court to determine, even where a motion for summary judgment is unopposed, "that the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment." Sutton v. U.S., 922 F.2d 841, *2 n.1 (Table) (6th Cir. 1991). When confronted with an unopposed Rule 56 motion, a court must "intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 407 (6th

Cir. 1992). In conducting this review, a court may rely upon the facts presented by the moving party, reject flagrant evidentiary misstatements, and acknowledge the context from which the evidence was adduced. See id. at 404-05.

In this case, Plaintiff alleges Defendant violated his First Amendment rights by fabricating a misconduct report in retaliation for Plaintiff filing two grievances against another prison staff member. (Doc. 50 at 2). To support these allegations, Plaintiff has introduced a copy of the allegedly fabricated report (Doc. 76 Ex. 1) and has submitted the declarations of two prisoners who will testify to his version of the facts (Doc. 81 Exs. A; B). Defendant avers he never wrote any such report. (Doc. 66 Ex. A.).

The Magistrate Judge correctly concluded that neither party is entitled to summary judgment because the record contains a genuine issue of material fact as to whether Defendant fabricated the misconduct report in retaliation for Plaintiff's grievance filings. See Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust, 410 F.3d 304, 309 (6th Cir. 2005) (explaining that "the filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate."). This conclusion is proper even though Defendant did not respond to Plaintiff's motion. The evidence presented in the parties' cross-motions demonstrates a sufficient factual disagreement to require submission of the matter to the jury. See Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir. 1989). Although Plaintiff maintains Defendant's statements are not credible given Plaintiff's proofs, it is well-settled that the Court does not assess credibility or weigh the evidence on a Rule 56 motion. See Biegas v. Quickway Carriers, Inc., 573 F.3d 365,

374 (6th Cir. 2009); Centra, Inc. v. Estrin, 538 F.3d 402, 412 (6th Cir. 2008). Accordingly, the Court overrules Plaintiff's objections and adopts the R&R.

### IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections (Doc. 81), **ADOPTS** the R&R (Doc. 78), and **DENIES** the parties' cross-motions for summary judgment (Docs. 66; 76).

**IT IS SO ORDERED.**

> s/Marianne O. Battani
> MARIANNE O. BATTANI
> UNITED STATES DISTRICT JUDGE

DATE:  September 22, 2011

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff, Lorenzo Anthony, via ordinary U.S. Mail, and Counsel for the Defendant, electroncally.

> s/Bernadette M. Thebolt
> Case Manager

4