UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

     *Plaintiff*,

CASE NO. 07-CV-10351

*v.*

DISTRICT JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE CHARLES BINDER

OWEN,

     *Defendant*.[1]

_____/

**ORDER ON:**
1) **DEFENDANT'S MOTIONS TO TAKE DEPOSITIONS (Docs. 85, 86 and 87)**
2) **PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 90)**
3) **DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DISCOVERY REQUESTS (Doc. 92)**
4) **PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. 94)**
5) **PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE (Doc. 95)**
6) **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSIONS (Doc. 96)**

**I.     Introduction & Procedural History**

On January 23, 2007, Plaintiff, a state prisoner currently housed at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* federal civil rights complaint alleging that this case is "being brought pursuant to 42 U.S.C. § 1983 to stop the unconstitutional practice of Defendants from denying Plaintiff Lorenzo Anthony access to the courts [and] retaliating against him for seeking redress and conspiring against him to stop such [acts] and acts of sexually harassing him, ethnic intimidation and slander." (First Am. Compl., Doc. 29 ¶ 1.) The events forming the basis for the complaint occurred while Plaintiff was housed at the Standish Maximum

_____

[1]Defendants C. Walker, Werner, and D. Ricumstrict were dismissed from the case on June 18, 2008.

Correctional Facility in Standish, Michigan. On March 4, 2008, U.S. District Judge Marianne O. Battani entered an order referring pretrial matters to the undersigned magistrate judge. (Doc. 26.)    The first Report and Recommendation ("R&R") in this case was filed on March 25, 2008, recommending *sua sponte* dismissal of the complaint. The R&R was adopted on June 18, 2008, and judgment was entered in favor of Defendants. (Docs., 41, 42.) Plaintiff appealed and on August 10, 2010, the Sixth Circuit affirmed the district court on all claims except that it reinstated Plaintiff's retaliation claim. (Docs. 51, 52.) Pretrial matters were again assigned to the undersigned magistrate judge. (Doc. 53.)  On April 21, 2011, Defendant Owen filed a motion for summary judgment and on June 6, 2011, Plaintiff filed a cross motion for summary judgment. (Doc. 66, 76.)  Another R&R was filed on June 28, 2011, recommending denying both motions and the R&R was adopted on September 22, 2011. (Doc. 83.)

On September 26, 2011, an Order entered indicating that the parties should complete discovery by November 7, 2011, and that any dispositive motions should be filed by December 2, 2011. (Doc. 84.)

## II.    Individual Discovery Motions

Under Rule 26(b) of the Federal Rules of Civil Procedure, "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rule 34 authorizes the inspection and testing of tangible things and Rule 37 allows a party to move to compel discovery.

2

**A.      Defendants motions to take depositions (Docs. 85, 86, and 87)**

In these motions, Defendant seeks to depose Plaintiff, Carnell Davis ("Davis"), and

Dominic Holmes ("Holmes"). Davis and Holmes are prisoner witnesses.  Since all three are

currently incarcerated, Defendant moves under Fed. R. Civ. P. 30(a)(2) for permission to

arrange a date with the Michigan Department of Corrections to depose them. (Docs. 85, 86, 87

at 2.)  Defendant further seeks permission to arrange for the deposition to be taken either in

person, via telephone or video teleconference, whichever proves most practicable for

Defendant as provided in Fed. R. Civ. P. 30(b). (Docs 85, 86, 87 at 3.)

Plaintiff responds that he "has no attorney to represent him in this action , and his rights

will be violated as Deft. asks questions that would otherwise be objected to" and that he

"should be present during the time of Deft. Owen taking the witnesses deposition so he can do

cross-ex, direct ex. etc. to ask his witnesses questions." (Doc. 89 at 1-2.)  Plaintiff also notes

that he is not currently incarcerated in the same prison as the witnesses and he requests a

transcript of the depositions be provided to him. (Doc. 89 at 2-3.)

"Generally, this court grants leave for such depositions freely, as long as the deposition

can be conducted without undue imposition on prison authorities." *El Camino Resources, Ltd.*

*v. Huntington Nat'l Bank,* No. 1:07-cv-598, 2009 WL 1228680, at *1 (W.D. Mich. Apr. 30,

2009)(granting leave to depose prisoner despite argument that discovery had closed.)  In

addition, Fed. R. Civ. P. 30(b) "'confers on the party taking the deposition the choice of the

method of recording...'...Under the Rule, a party has no burden to justify the decision to

videotape a deposition." *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at *4 (S.D. Ohio Nov. 17, 2008)(citations omitted).

I therefore conclude that Defendant's motions to take depositions of Plaintiff, Davis, and Holmes should all be granted and that Plaintiff, since he is unrepresented, should be permitted to attend and participate in the depositions of Davis and Holmes. The time, place, and manner of the deposition should be done to minimize the inconvenience of the prison authorities. *Lowe v. Vadlamudi*, No. 08-cv-10269, 2009 WL 4018531, at *1 (E.D. Mich. Nov. 19, 2009)(in § 1983 action, granting defendant's motion to depose incarcerated plaintiff "at a date and time convenient to the correctional facility in which Plaintiff is incarcerated.")

**B.    Plaintiff's motion for relief from judgment (Doc. 90)**

On October 17, 2011, Plaintiff filed a motion for relief from judgment, seeking relief from the "judgment opinion dated 9/22/11, Doc. #83 denying parties cross-motion for summary judgment." (Doc. 90.) The document Plaintiff seeks relief from is an Order signed by U.S. District Judge Battani adopting the R&R (Doc. 78) and denying both Plaintiff's and Defendant's summary judgment motions. The denials of the summary judgment motions did not dispose of the case and no judgment has been entered. Therefore, there is no judgment to seek relief from. As a result, the motion will be denied. Defendant notes that Plaintiff may be attempting to avoid the 14-day filing requirement applicable to a motion for reconsideration under E.D. Mich. L.R. 7.1(h)(1). (Doc. 102 at 2.) To the extent Plaintiff seeks reconsideration rather than relief from judgment, the motion is untimely and will be denied. Accordingly, under any construction, this motion will be denied.

4

**C.      Defendant's Motion to strike Plaintiff's objections to Defendant's discovery requests (Doc. 92)**

Defendant contends that Plaintiff has objected to and refused to answer all interrogatories and requests for production except interrogatory 6 and request for production 6. (Doc. 92 at 2 ¶ 3.) Defendant further contends that the information it "seeks in these discovery requests is, basically, who Plaintiff intends to call as a witness at trial, what those witnesses are going to say, whether Plaintiff intends to rely on any expert witnesses at trial, to produce copies of his experts' reports, to state what his alleged injuries are as a result of the alleged violation of his rights, what doctors he has seen for those injuries, and whether he has any financial losses as a result, and what those are." (Doc. 92 at 2 ¶ 4.) Finally, Defendant notes that Plaintiff's objections are "all based on relevance" and thus are "unfounded, and should be stricken or overruled." (*Id.*)

The information sought from Defendant is relevant and not unduly burdensome. If Plaintiff does not possess the information sought, he may simply indicate that in his response but he should respond to the questions and requests made by Defendant. Therefore, Defendant's motion to strike Plaintiff's objections to his discovery requests will be granted and Plaintiff will be ordered to respond.

**D.      Plaintiff's motion to compel discovery (Doc. 94)**

Plaintiff asks the court to compel Defendant to respond to his First Set of Interrogatories and his First Request for Production of Documents. Plaintiff's First Set of Interrogatories basically asks Defendant why he did the things alleged in Plaintiff's complaint and what Defendant did with the major misconduct ticket at issue in the case. (Doc. 94 at 5-6.) Defendant responds that he has answered the interrogatories and the requests for production of

documents and he attaches those answers to his brief. (Doc. 100, Ex. A at 2-3, Ex. B at 2-4.)
Since Defendant has responded, the motion will be denied.  In Plaintiff's reply, he "disagrees"
with responses given by Defendant; however, such disagreement is beyond the ken of a motion
to compel. (Doc. 104.) Plaintiff also  complains that although Defendant does not possess the
documents he seeks, those documents are in the possession of the Michigan Department of
Corrections and are difficult to access since he is incarcerated. (Doc. 104 at 3-4.)  However,
since Defendant does not possess the documents Plaintiff seeks, he cannot be compelled to
produce them.

### E.  Plaintiff's motion to extend discovery deadline (Doc. 95)

Plaintiff moves to extend the deadline for discovery because of the pending requests for
discovery which have gone unanswered and because the discovery cutoff date was November
7, 2011, which has passed. (Doc. 95 at 2-3.)  Defendant concurs in the motion. (Doc. 101 at 2.)
Accordingly, the motion to extend discovery will be granted.

### F.  Plaintiff's motion to strike Defendant's response to request for admissions (Doc. 96)

Plaintiff's motion asks the court to strike Defendant's responses to Plaintiff's Requests
for Admissions. (Doc. 96 at 5.) Plaintiff also filed a notice and exhibit to the motion. (Docs. 97
and 98.)  Defendant responds that there is nothing in Fed. R. Civ. P. 36 that authorizes a court
to strike a response to a request. (Doc. 99 at 1.)  Instead, Defendant suggests that  the court
should construe the motion as one challenging the sufficiency of the responses. (Doc. 99 at 1-
2.)  With respect to the sufficiency of his responses, Defendant's brief details each request, his
response to it, and the reason behind the response. (Doc. 99 at 2-14.)  Construing the motion as
suggested by Defendant, I find that even if the initial responses were somewhat terse, the

6

explanations given in Defendant's response are more detailed and provide a sufficient response to Plaintiff's request for admissions.   In addition, I note that Plaintiff's reply brief "accepts" Defendant's response to at least one of the items. (Doc. 105.)  I will therefore deny Plaintiff's motion to strike Defendant's response to requests for admission.

## III.   Orders

For the reasons stated above, **IT IS ORDERED** that:

1)   Defendant's motions to take depositions of Plaintiff, Davis, and Holmes (Docs. 85,

86, and 87) are **GRANTED**.  Plaintiff shall be permitted to attend and participate in the depositions of Davis and Holmes and the time, place, and manner of the depositions should be done to minimize the inconvenience of the prison authorities.

2)   Plaintiff's motion for relief from judgment (Doc. 90) is **DENIED**.

3)   Defendant's motion to strike Plaintiff's objections to his discovery requests (Doc. 92) is **GRANTED** and Plaintiff is **ordered** to respond to them.

4)   Plaintiff's motion to compel discovery (Doc. 94) is **DENIED.**

5)   Plaintiff's motion to extend discovery deadline (Doc. 95) is **GRANTED** and the discovery cut-off date will be extended until **March 30, 2012.**

6)   Plaintiff's Motion to strike Defendant's responses to Plaintiff's Requests for Admissions (Doc. 96) is **DENIED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and

E.D. Mich. LR 72.1(d).


                                              s/ Charles E Binder
                                              CHARLES E. BINDER
Dated: December 20, 2011                      United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Order was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Lorenzo Anthony #247064, Gus Harrison Correctional Facility, 2727 E. Beecher Road, Adrian, MI 49221-3506.

Date: December 20, 2011                    By    s/Patricia T. Morris
                                           Law Clerk to Magistrate Judge Binder