**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORENZO ANTHONY,

    *Plaintiff,*            CASE NO: 07-10351

v.                                 DISTRICT JUDGE MARIANNE O. BATTANI
                                  MAGISTRATE JUDGE CHARLES E. BINDER
OWEN,

    *Defendant.*
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS**
**AND FOR ISSUANCE OF SUBPOENAS**
(Docs. 108, 111)

### I.    Introduction

On January 23, 2007, Plaintiff, a state prisoner currently housed at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* federal civil rights complaint alleging that this case is "being brought pursuant to 42 U.S.C. § 1983 to stop the unconstitutional practice of Defendants from denying Plaintiff Lorenzo Anthony access to the courts [and] retaliating against him for seeking redress and conspiring against him to stop such [acts] and acts of sexually harassing him, ethnic intimidation and slander." (First Am. Compl., Doc. 29 ¶ 1.) The events forming the basis for the complaint occurred while Plaintiff was housed at the Standish Maximum Correctional Facility in Standish, Michigan. On March 4, 2008, U.S. District Judge Marianne O. Battani entered an order referring pretrial matters to the undersigned magistrate judge. (Doc. 26.)

The first Report and Recommendation ("R&R") in this case was filed on March 25, 2008, recommending *sua sponte* dismissal of the complaint. The R&R was adopted on June 18, 2008, and judgment was entered in favor of Defendants. (Docs. 41, 42.) Plaintiff appealed and on August 10, 2010, the Sixth Circuit affirmed the district court on all claims except that it reinstated

Plaintiff's retaliation claim. (Docs. 51, 52.) Pretrial matters were again assigned to the undersigned magistrate judge. (Doc. 53.) Another R&R was filed and adopted, denying Plaintiff's motion for summary judgment and denying Defendant Owen's motion for summary judgment. (Docs. 78, 83.) Discovery has taken place and various motions have been decided as part of that process.

The instant motions filed by Plaintiff seek sanctions under Rule 11 of the Federal Rules of Civil Procedure for Defendant Owen's filing of the most recent motion for summary judgment because there was "no ground for Deft. to stand on" since Defendant Owen "doesn't have the right to file or move for things, motion, arguments that clearly holds no water, and waists [sic] the Plaintiff and this courts [sic] time, in which Plaintiff finds it harassing." (Doc. 108 at 2.) In addition, Plaintiff moves the Court to issue subpoenas because he needs documents and "does not know how to make out subpoenas." (Doc. 111 at 1-2.)

## II.    Analysis and Conclusions

### a.    Motion for Rule 11 sanctions (Doc. 108)

Plaintiff seeks Rule 11 sanctions for Defendant Owen's filing of the most recent motion for summary judgment because there was "no ground for Deft. to stand on." (Doc. 108 at 2.) "Rule 11 imposes upon litigants a continuing obligation to refrain from pursuing meritless or frivolous claims during the course of the proceedings." *Dearborn St. Bldg. Assoc., L.L.C. v. Huntington Nat'l Bank*, 411 Fed. App'x 847, 849 (6th Cir. 2011). Procedurally, a Rule 11 motion "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R. Civ. P. 11(c)(2). Sanctions are unavailable unless the motion is served as required under the court rule and the full 21-day "safe harbor" period is provided to the opposing

2

party before filing with the court. *Uszak v. Yellow Transp., Inc.*, 343 Fed. App'x 102, 107 (6th Cir. 2009). The Sixth Circuit requires "strict adherence" to this safe harbor provision. *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

Since Plaintiff's motion for sanctions was filed long after the most recent motion for summary judgment was filed and decided (*see* Docs. 66, 78, 83), he has failed to comply with Rule 11's safe harbor provision and the motion must therefore be denied. The Court further finds that even if the motion were substantively addressed, Defendant Owen's motion for summary judgment was not meritless as it appropriately challenged Plaintiff's factual support for his retaliation claim. This is especially true where, as here, the factual support (misconduct ticket) was not produced by Plaintiff until his response to Defendant Owen's motion. (Doc. 76, Ex. 1; Doc. 78 at 5.) Accordingly, Plaintiff's motion for Rule 11 sanctions is denied.

  **b.**  **Motion for the Court to Issue Subpoenas (Doc. 111)**

Plaintiff moves the Court to issue subpoenas because he needs documents (policy directives) from the Michigan Department of Corrections ("MDOC"), and he would like to subpoena Richard Stapleton (administrator of the Office of Legal Affairs) and T. Birkett (Warden at the Standish Maximum Correctional Facility), should the case proceed to trial. (Doc. 111 at 1-2.) The Court first notes that Plaintiff has been fully able to make discovery requests and to seek enforcement of those requests through motions in this court. (Docs. 85, 86, 87, 94, 96.) Indeed, Plaintiff successfully argued and was granted several motions to take depositions of non-party witnesses. (Doc. 107.) Therefore, Plaintiff is not at such a disadvantage in this *pro se* endeavor as some may be.

Plaintiff may seek the MDOC policy directives from the non-party MDOC via a subpoena for production of documents, i.e., a subpoena *duces tecum,* under Fed. R. Civ. P. 45(a)(1)(D).

Plaintiff need not fret over the contents or form of the subpoena to be presented to the clerk of the court since the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3). Plaintiff may seek the subpoena *duces tecum* in the manner provided in the above court rule but the court will not issue the subpoenas or grant his motion to issue subpoenas absent some indication that Plaintiff properly sought the relevant subpoenas.

Plaintiff may also ask the court to subpoena a witness for attendance at a hearing or trial and he may ask the clerk of the court to issue said subpoena in a similar manner as the request for production of documents under Fed. R. Civ. P. 45(2) and (3). It should be noted that the court may require the simultaneous tendering of witness attendance fees and reasonably estimated mileage fees. Fed. R. Civ. P. 45(b)(1); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989); *Johnson v. Hubbard*, 698 F.2d 286, 289-90 (6th Cir. 1983); *Newson v. Harrison*, 687 F. Supp. 2d 360, 361 (W.D. Tenn. 1988). A party proceeding *in forma pauperis* may still be required to pay these witness and mileage fees. *Id.*

However, since Plaintiff seeks these subpoenas "if this case goes to trial," he is premature in his request. When a trial date has been set, if Plaintiff wishes to call any witness, he may seek court-issued subpoenas from the office of the clerk of this court as provided in Rule 45. Until that time, his motion is not ripe. Accordingly, the motion for the court to issue subpoenas is denied.

### III. Order

For the reasons stated above, **IT IS ORDERED** that Plaintiff's Motions for Sanctions and for Issuance of Subpoenas (Docs. 108, 111) are **DENIED**.

4

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: March 1, 2012 | United States Magistrate Judge |

### **CERTIFICATION**

I hereby certify that this Notice was electronically filed this date, electronically served on James Farrell and Joshua Marcum, and served by first class mail on Lorenzo Anthony, #247064, Gus Harrison Correctional Facility, 2727 E. Beecher Rd., Adrian, MI, 49221-3506.

| | |
|---|---|
| Date: March 1, 2012 | By   s/*Jean L. Broucek* |
| | Case Manager to Magistrate Judge Binder |