UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

  *Plaintiff*,

v.

OWEN,

  *Defendant*.[1]

CASE NO. 07-CV-10351

DISTRICT JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE CHARLES BINDER

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 114)

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

### II. REPORT

#### A. Introduction & Procedural History

On January 23, 2007, Plaintiff, a state prisoner currently housed at the Marquette Branch Prison in Marquette, Michigan, filed this *pro se* federal civil rights complaint pursuant to 42 U.S.C. § 1983 "to stop the unconstitutional practice of Defendants from denying Plaintiff Lorenzo Anthony access to the courts [and] retaliating against him for seeking redress and conspiring against him to stop such [acts] and acts of sexually harassing him, ethnic intimidation and slander." (First Am. Compl., Doc. 29 ¶ 1.) The events forming the basis for the complaint occurred while Plaintiff was housed at the Standish Maximum Correctional Facility in Standish, Michigan.

On March 4, 2008, U.S. District Judge Marianne O. Battani entered an order referring pretrial matters to the undersigned magistrate judge. (Doc. 26.) The first Report and Recommendation ("R&R") in this case was filed on March 25, 2008, recommending *sua sponte* dismissal of the complaint. The R&R was adopted on June 18, 2008, and judgment was entered in favor of Defendants. (Docs. 41, 42.) Plaintiff appealed and on August 10, 2010, the Sixth Circuit

---

[1] Defendants C. Walker, Werner, and D. Ricumstrict were dismissed from the case on June 18, 2008.

affirmed the district court on all claims except that it reinstated Plaintiff's retaliation claim. (Docs. 51, 52.) Pretrial matters were again assigned to the undersigned magistrate judge. (Doc. 53.) Another R&R was filed and adopted, denying Plaintiff's motion for summary judgment and denying Defendant Owen's motion for summary judgment. (Docs. 78, 83.) Discovery has taken place and various motions have been decided as part of that process.

A scheduling order entered on January 18, 2012, set a deadline of April 30, 2012, for the filing of dispositive motions. Plaintiff Anthony filed the instant motion for summary judgment on March 26, 2012. Defendant Owen did not file a dispositive motion and did not respond to Plaintiff's motion.

### B. Summary Judgment Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary

2

judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### C. Analysis & Conclusions

A First Amendment retaliation claim consists of the following elements: (1) the plaintiff was engaged in constitutionally-protected conduct; (2) the defendant's adverse action would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between elements one and two, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004).

Plaintiff contends that Defendant Owen came to his cell and "told Plaintiff that he [Owen] was going to write him a ticket since Plaintiff wanted to file grievances on Defendant Walker, stating that he would show that Plaintiff was a 'f***- boy.'" (Doc. 29 ¶ 27.) Plaintiff further avers that Defendant Owen told Plaintiff that "if Plaintiff would sign off on those grievances, Defendant Owen would 'pull' the sexual ticket he wrote on Plaintiff." (*Id.* ¶ 29.) "Plaintiff told Defendant Owen he would sign off on the grievances only because he did not want Defendant Owen writing any fabricated tickets on him." (*Id.* ¶¶ 30, 36.) Plaintiff indicates that the misconduct ticket was

3

shown to him, and that it alleged an incident where Plaintiff had rolled up a magazine and inserted it into his rectum while asking Defendant Owen whether he would "like a piece of this black ass." (*Id.* ¶ 33.)

In the instant case, the Sixth Circuit held that Plaintiff sufficiently alleged that he was engaged in protected conduct by filing grievances and that he was subjected to adverse action in the form of the alleged fabricated misconduct report. (Doc. 50.)[2] Plaintiff's response to Defendant's previous motion for summary judgment attached a copy of the alleged fabricated misconduct report. (Doc. 76 at Ex. 1.) The misconduct report is dated August 15, 2006, the reporting staff member is "Owen," and the report alleges that Defendant Owen observed Plaintiff insert a rolled-up magazine into his rectum while asking Owen whether he would "like a piece of this black ass." (*Id.*) In the previous R&R, it was found that this document is "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts," *Moore, supra,* and thus creates a genuine issue of material fact preventing summary judgment. *See Street*, 886 F.2d at 1479-80.

For the same reasons stated in the previous R&R denying both Defendant Owen's and Plaintiff's motions for summary judgment, I suggest that Plaintiff's motion for summary judgment be denied because a genuine issue of material fact exists that cannot be decided by the Court on a motion for summary judgment.

### D. Conclusion

For all the reasons stated above, I recommend that Plaintiff's motion be denied and the case be readied for trial.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

---

[2] Based upon the specific allegations in this case, if the first two elements are supported, satisfaction of the third element has not been challenged.

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                                 s/ Charles E Binder
                                                 CHARLES E. BINDER
Dated: May 14, 2012                      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Lorenzo Anthony #247064, Marquette Branch Prison, 1960 U.S. Hwy. 41 South, Marquette, MI 49855.

Date: May 14, 2012                      By     s/Patricia T. Morris
                                                        Law Clerk to Magistrate Judge Binder