UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,

v.

JEREMY OWEN,

        Defendant.
_____/

CASE NO. 07-10351

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff Lorenzo Anthony's objections (Doc. 122) to the Magistrate Judge's May 14, 2012 Report and Recommendation ("R&R") (Doc. 120). In the R&R, the Magistrate Judge recommended that the Court deny Plaintiff's motion for summary judgment (Doc. 114). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DENIES** Plaintiff's motion for summary judgment.

**I.   STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R.  See (Doc. 120 at pp. 3-4).

**II.   STANDARD OF REVIEW**

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate" judge. Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### III. ANALYSIS

Plaintiff asserts in his objections that he is entitled to summary judgment based on newly discovered evidence.  The Court disagrees.

In this case, Plaintiff alleges Defendant violated his First Amendment rights by fabricating a misconduct report in retaliation for Plaintiff filing two grievances against another prison staff member.  (Doc. 50 at p. 2).  To support these allegations, Plaintiff introduced a copy of the allegedly fabricated report (Doc. 76 Ex. 1) and submitted the declarations of two prisoners who will testify to his version of the facts (Doc. 81 Exs. A; B).  Defendant originally claimed that he never wrote any such report. (Doc. 66 Ex. A).  Following the Court's denial of the parties' cross-motions for summary judgment, however, Defendant responded to a request for admissions claiming "it appears" that he did, in fact, write the misconduct report at issue. (Doc. 114 Ex. 1). Plaintiff asserts this admission now warrants summary judgment in his favor.

The Magistrate Judge correctly concluded that Plaintiff is not entitled to summary judgment because the record contains a genuine issue of material fact as to whether Defendant fabricated the misconduct report in retaliation for Plaintiff's grievance filings.

The evidence presented thus far demonstrates a sufficient factual disagreement to require submission of this question to the jury.  See Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir. 1989).  When asked why Defendant wrote the misconduct report at issue, he stated: "The reasons are spelled out in the report." (Doc. 114 Ex. 2).  Although Plaintiff maintains Defendant's rationale for drafting the report is not credible in light of his shifting positions and insists that the report was fabricated, it is well-settled that the Court does not assess credibility or weigh the evidence on a Rule 56 motion.  See Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 374 (6th Cir. 2009); Centra, Inc. v. Estrin, 538 F.3d 402, 412 (6th Cir. 2008).  Accordingly, the jury must decide whether Defendant fabricated the misconduct report in retaliation for Plaintiff's grievance filings.  The Court therefore overrules Plaintiff's objections and adopts the R&R in its entirety.

### IV.  CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections (Doc. 122), **ADOPTS** the R&R (Doc. 120), and **DENIES** Plaintiff's motion for summary judgment (Doc. 114).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: June 15, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff via ordinary U.S. Mail, and Counsel for the Defendant, electronically.

s/Bernadette M. Thebolt
Case Manager
